Zimmerman, J.
 

 The present consideration of this case involves the sole question whether or not the amended petition is subject to demurrer.
 

 The amended petition sets up a contract. Defendant in error avers that he has made performance on his part and is entitled to payment as stipulated. Plaintiff in error counters with the objection that the amended petition on its face shows an unlawful contract
 
 ;
 
 that such contract falls within the provisions of subdivision (d) of Section 5625-33, General Code, and that the amended petition is fatally defective through failure to allege that at the time the contract was entered into a contemporaneous certificate of the fiscal officer of the village, of Mayfield Heights was furnished, showing that the amount to meet the same had been lawfully appropriated for such purpose, and was in the treasury, or in the process of collection, to the credit of the appropriate fund.
 

 So much of Section 5625-33, General Code, as is pertinent here is as follows:
 

 
 *332
 
 “No subdivision or taxing unit shall:
 

 “(a) * * * (b) * * * (c) * * .
 

 “(d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the same (or in the ease of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made), has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due thereon. * * * The term ‘contract’ as used in this section, shall be construed as exclusive of current payrolls of regular employes and officers.”
 

 This section of the General Code was passed by the General Assembly of Ohio on April 13,1927 (112 Ohio Laws, 406), and is a part of the so-called Uniform Tax Levy Law. Varying forms of Section 5625-33 have been on the statute books of Ohio for a period of more than half a century, and have frequently been referred to as the Burns Law. The restrictive features of these statutes, similar in context, have served a useful and salutary purpose in curtailing the unwise and reckless expenditure of public funds when such funds were not on hand or in sight. An historical resume of the forms, interpretation and application of the Burns Law through the years might prove of some interest to the profession, but an indulgence in such pursuit would bring this opinion to an inordinate length.
 

 "We are here interested in Section 5625-33 as it now reads, and must determine whether or not it applies to the situation disclosed. If it does, the Court of Common Pleas was right in sustaining the demurrer
 
 *333
 
 to the amended petition. If it does notj the conclusion of the Court of Appeals is correct.
 

 Defendant in error sets forth in his amended petition that he was employed for the period between the summer of 1925 and the first of January, 1930, by the plaintiff in error, as its municipal engineer. Such employment was apparently continuous and regular. Under the decision in
 
 Wright
 
 v.
 
 Clark,
 
 119 Ohio St., 462, 164 N. E., 512, he was a public officer of the municipality. The employment of a municipal engineer is authorized by Section 4364, General Code, and Section 4366 provides that such engineer “shall receive for his services such compensation by
 
 fees,
 
 salary or both as is provided by ordinance.”
 

 Prior to the passage of Section 5625-33 this court definitely held, in the third paragraph of the syllabus in the case of
 
 City of Youngstown
 
 v.
 
 First National Bank of Youngstown,
 
 106 Ohio St., 563, 140 N. E., 176, that the Burns Law (then Section 3806, General Code) did not apply to the payment of the salaries or
 
 compensation
 
 of the public officers of a municipality, whether such officers were elected or appointed.
 

 Incorporated in Section 5625-33 (112 Ohio Laws, 406) is the express statement that “the term ‘contract’ as used in this section, shall be construed as exclusive of current payrolls of regular employes and officers. ’ ’
 

 It is clear, therefore, that if the employment of' defendant in érror had been wholly upon a salary basis of a fixed and definite amount there could be no doubt of his right to maintain an action to recover salary due for services rendered, regardless of Section 5625-33. Should he be denied a right of action because he performed services under a contract which fixed his compensation therefor at two per cent, of the estimated cost of such improvement?
 

 We have reached the conclusion that there is insufficient distinction between the payment for the services
 
 *334
 
 of a public officer on a salary basis and on a percentage basis to bring this case within the operation of Section 5625-33, and that such section was not intended or designed to cover a situation of this kind.
 

 The practical difficulties in applying Section 5625-33 are apparent. In so doing, it would be incumbent upon a municipality to fix the compensation of its engineer at a definite sum in advance for all services to be performed during any fiscal year. This would prove impractical in many instances because of the uncertainty ■ of previously determining the extent of necessary public improvements of a major character. Whenever the council of a municipality deems public improvements necessary, Section 3815, General Code, requires that the resolution of necessity include an approval of “the plans, specifications, estimates and profiles for the proposed improvement.” Obviously, they, must be prepared before the adoption of the resolution. Notice of the passage of such resolution must be given the owners of the property to be assessed before council can proceed further, and council may finally determine to abandon the project entirely.
 

 The services of an engineer are indispensable in the preparation of the plans, specifications, estimates and profiles for the proposed improvement, and when he is employed upon a compensation basis of a certain percentage of the estimated cost of such improvement, against which there is no inhibition, how can such compensation be gauged with any measure of certainty before the estimates are completed? It would be impossible at the time of his employment to furnish the certificate required by Section 5625-33. Here is a condition for the application of “the rule of reason.” The compensation of an engineer under such circumstances, when ascertained, could appropriately be placed in the category of a salary to be paid from the same fund from which salaried officers of a municipality are paid.
 

 
 *335
 
 Defendant in error prays for a money judgment and also for an order compelling the plaintiff in error to pass an ordinance providing for the payment of the money to which he claims to be entitled. Under the form of action here adopted, if the defendant in error is ultimately found entitled to relief he can have only a money judgment, the enforcement of which would of course be the subject of further appropriate proceedings.
 

 Being of the opinion that the Court of Appeals was correct in holding that the demurrer to the amended petition should have been overruled, its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Wilkin, JJ., concur.