Williams, J.
 

 There is no question about the facts in this case, and they are correctly recited in the journal entry in the Court of Appeals, as follows: “Relator was employed by one Joseph M. Daugherty, as and while the said Joseph M. Daugherty was the duly elected and qualified Mayor of Fairview Village, Ohio, under Section 286, to institute civil actions for the recovery of money based upon the Reports of the Bureau of Inspection and Supervision of Public Offices insofar as such reports pertained to that village; that, thereafter, in consequence of such employment, the said Relator instituted civil actions and rendered other services; that for such services he submitted a claim for compensation to the said Joseph M. Daugherty, as Mayor, who approved such claim for compensation in the sum of $1181.15, while Mayor of said village. The Court further finds that at the time of said employment of the Relator, no Clerk’s certificate, certifying that funds were available or in the process of collection to pay for such employment, was issued; that no appropriation or levy of any necessary funds had been made at the time of such employment; that at the time of such employment, the municipality was provided with a solicitor provided by the Council; that there are or were in fact no funds available with which such claim can or could be paid. And applying the law to such facts, the Court finds that the Relator is not entitled to a writ of mandamus.”
 

 The sole question made by the relator is that the
 
 *248
 
 Court of Appeals did not properly apply the law to the facts. Relator insists that his rights are controlled by Section 286, General Code, which so far as pertinent to this case reads as follows: “Any mayor of a village is hereby authorized and required to employ legal counsel for such purpose, who shall be paid out of the treasury of the village on voucher approved by the mayor and on warrant of the village clerk, and the amount of such compensation shall constitute a charge against said village notwithstanding the failure of the council thereof to appropriate money or levy funds therefor.”
 

 To be specific, relator contends that he was legally employed as counsel for the village by the mayor; that his voucher covering legal services was approved by the mayor; that under Section 286, General Code, a legal duty rested on the village clerk to issue the warrant, and on the village treasurer to pay it, and that the relator had a clear legal right to the writ of mandamus.
 

 If this contention is correct there would be no opportunity for the village to defend on the ground that the amount approved by the mayor was more than the fair and reasonable value of the legal services, and, if the mayor could lawfully fix $1,181.15 as the amount to be paid, he could fix two or three times that amount, or any excessive amount, and the writ would lie to compel the issuance and payment of the warrant.
 

 In our judgment, however, the case does not turn upon the construction and interpretation of Section 286, General Code, standing alone, for since the adoption of that section, containing the part thereof quoted above, Section 5625-33, General Code, has been enacted. The latter section contains the following provisions: “No subdivision or taxing unit shall: (a) Make any appropriation of money except as provided in this act; * * * (b) Make any expenditure of money unless it has been appropriated as provided in
 
 *249
 
 this act. (c) Make any expenditure of money except by a proper warrant drawn against an appropriate fund which shall show upon its face the appropriation in pursuance of which such expenditure is made and the fund against which the warrant is drawn, (d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the same (or in the case of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made), has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due thereon. * * * The .term ‘contract’ as used in this section, shall be construed as exclusive of current payrolls of regular employes and officers.”
 

 Section 5625-33, General Code, was passed April 30,1927; on the other hand Section 286, General Code, in its present form, was passed January 15, 1920. Both of these sections were preceded by statutes somewhat similar in form, which were in force for a long period of years, though changed from time to time. One of the statutes which preceded Section 5625-33, General Code, provided for the issuance of a somewhat similar certificate, and was known as the Burns Law. However Section 5625-33, General Code, made sweeping changes in the previous kindred enactments and was made to apply to every subdivision or taxing unit. Under Section 286, General Code, as in force at the period in question, the fees of counsel shall be paid out of the treasury on voucher approved by the mayor, and on warrant of the village clerk, and the failure of council to appropriate or levy funds for
 
 *250
 
 such purpose shall uot affect rights of legal counsel so employed; on the other hand Section 5625-33, General Code, makes such a contract void, and forbids the issuance of a warrant for the payment thereof unless an appropriation has been made for that purpose and the required certificate attached. In fact, the latter section applies to every contract of the taxing unit except payrolls of regular employees and officers.
 
 Village of Mayfield Heights
 
 v.
 
 Irish,
 
 128 Ohio St., 329, 191 N. E., 129. Section 5625-33, General Code, being wholly inconsistent and contradictory of the provisions in Section 286, General Code, must prevail, and the latter, insofar as it is irreconcilable with the former, is superseded and repealed by implication.
 
 State, ex rel. Wetterstroem,
 
 v.
 
 Dept. of Liquor Control,
 
 129 Ohio St., 185, 194 N. E., 372;
 
 Sylvania Busses, Inc.
 
 v.
 
 City of Toledo,
 
 118 Ohio St., 187, 196, 160 N. E., 674, 677;
 
 State
 
 v.
 
 Hollenbacher,
 
 101 Ohio St., 478, 129 N. E., 702;
 
 State, ex rel. Enos, Pros. Atty.,
 
 v.
 
 Stone,
 
 92 Ohio St., 63, 110 N. E., 627;
 
 Goff
 
 v.
 
 Gates,
 
 87 Ohio St., 142, 100 N. E., 329;
 
 Thomas, Sheriff,
 
 v.
 
 Evans,
 
 73 Ohio St., 140, 76 N. E., 862;
 
 City of Cincinnati
 
 v.
 
 Holmes, Admr.,
 
 56 Ohio St., 104, 46 N. E., 514.
 

 To issue the peremptory writ of mandamus in the instant case would be to require the clerk and treasurer to violate Section 5625-33, General Code.
 

 Upon the conceded facts no legal duty rested on the village clerk to issue the warrant, but he was duty bound to observe the statutory provision and refuse to issue it.
 

 There is no error apparent on the face of the record and the judgment will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.